**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUBEN PALACIOS-LIMA,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>                              Respondents. | Case No.:  3:26-cv-02133-RBM-JLB<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Ruben Palacios-Lima's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.)  For the reasons set forth below, the Petition is **GRANTED IN PART**.

## I.      BACKGROUND

Petitioner, a native and citizen of El Salvador, entered the United States without inspection on or around August 2005.  (Doc. 1 ¶ 1.)  "Petitioner was not encountered by immigration authorities at or near the time of his entry and was not placed in any inspection or expedited removal process."  (*Id*. ¶ 26.)

On January 12, 2026, Petitioner was arrested by United States Immigration and Customs Enforcement ("ICE") officers in the interior of the United States "while on his

way to work, and was subsequently transferred to the Otay Mesa Detention Center, where he remains detained." (*Id.* ¶ 1.) Shortly thereafter, the United States Department of Homeland Security ("DHS") "issued a Notice to Appear placing Petitioner in removal proceedings." (*Id.* ¶ 31.) "On March 18, 2026, the Immigration Judge denied Petitioner's request for a custody redetermination solely on the ground that the Court lacked jurisdiction." (*Id.* ¶¶ 3, 32; *see* Doc.1-2 at 2.)

On April 3, 2026, Petitioner commenced this action by filing the instant Petition. (Doc. 1.) Respondents filed a Response to Petition on April 15, 2026. (Doc. 4.) Petitioner filed a Traverse to Respondent's Return on April 16, 2026. (Doc. 5.)

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.   DISCUSSION

Petitioner claims his immigration detention violates the Immigration and Nationality Act and the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 42–49.) Respondents "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (Doc. 4 at 1–2.)

In light of Respondents' non-opposition, and the Court's previous orders concerning similarly situated petitioners, the Court finds that Petitioner is detained under 8 U.S.C. § 1226(a) and "his arrest and detention without a meaningful bond hearing [therefore violated] the Due Process Clause." *See N.A. v. LaRose*, No. 3:25-CV-03028-RBM-DEB,

2025 WL 3512412, at *5 (S.D. Cal. Dec. 8, 2025) (finding a petitioner who was not apprehended upon arrival and resided in the United States for 17 years was subject to § 1226's discretionary detention procedures and entitled to a bond hearing). While Petitioner seeks his immediate release (*see* Doc. 1 ¶ 6; Doc. 5 at 2), the Court finds it appropriate to hold a bond hearing under § 1226(a) to determine the conditions of his potential release.[1] Accordingly, the Court finds that Petitioner is entitled to a bond hearing. *See N.A.*, 2025 WL 3512412, at *5 (concluding "due process requires [the petitioner] receive a bond hearing under § 1226.").[2]

## IV.  CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED IN PART**. To the extent that Petitioner requests to be released from custody, the Petition is **DENIED**. Accordingly, the Court further **ORDERS** as follows:

1. Respondents are **ORDERED** to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) **within ten (10) days** of the entry of this Order.

2. At the bond hearing, Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

3. Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.

4. If the bond hearing is not conducted within ten days of the entry of this Order, Respondents shall release Petitioner from custody until it is determined that his

---

[1] Petitioner relies on the Court's prior decision in *Penagos-Alvarez v. LaRose*, Case No. 3:26-cv-00865-RBM-MSB (S.D. Cal. Feb. 26, 2026), ECF No. 5.  (Doc. 5 at 4–5.) However, the Court notes that, unlike Petitioner, the petitioner in *Penagos-Alvarez* had been previously released from ICE detention on his own recognizance. *Penagos-Alvarez*, ECF No. 5 at 1–4.

[2] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

3:26-cv-02133-RBM-JLB

detention is warranted under § 1226(a).

5. Respondents **SHALL FILE** a status report on or before May 4, 2026 indicating whether and when Petitioner received a bond hearing.

**IT IS SO ORDERED**.

DATE: April 24, 2026

_____

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE